# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 18-cr-150-MSK-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE ALFREDO FLORES,

    Defendant.

---

## RECOMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS

---

This matter comes before the Court on a motion to dismiss filed by Defendant (ECF # 34),[1] the Government's response (ECF# 38), the Defendant's addendum (ECF #36), and the Defendant's reply (ECF #43). The case has been referred to this Magistrate Judge and falls under the Western Slope/Grand Junction Protocol which allows me to address dispositive motions on recommendation (ECF #14)[2] as the parties have unanimously consented to my jurisdiction (ECF #10). The Court has reviewed the pending motion, response, addendum, reply and all attachments.

---

[1] "(ECF #34)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Crim. P. 59(b)(2). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. As there is no dispute over the factual scenario crucial to this Recommendation, and the parties have sufficiently alleged those facts in their briefing, no need exists for oral argument. This Magistrate Judge respectfully recommends that the motion be DENIED.

Defendant is being prosecuted for illegal re-entry of a removed alien subsequent to a felony conviction in alleged violation of 8 U.S.C. §1326(a) and (b)(1) (ECF #1). Defendant, a citizen of Mexico, was made a lawful permanent resident (LPR) of the United States on October 2, 1995 (ECF #34-1). Defendant was convicted of vehicular eluding, a class five felony under Colorado law, by way of a guilty plea, in Colorado State Court, to wit, Montrose County District Court on June 22, 2009 (ECF #34-2). Removal proceedings were instituted against the Defendant. *Id*. Defendant was afforded notice of the inception of removal proceedings. *Id.* The notice indicates that Defendant was convicted of "a crime of violence" . . . "for which the terms of imprisonment ordered [were] at least one year" (ECF #34-1). Defendant refused to sign the notice. *Id*. A warrant of removal/deportation was issued on March 29, 2012 (ECF #34-3). Defendant was alleged, under the Immigration and Nationality Act, to have been convicted of an "aggravated felony" and "a crime of violence" (ECF #34-1). Defendant was ordered removed from the United States (removal order (RO)) (ECF #34-3). The removal order indicates that Defendant's right to appeal was "reserved" and that any appeal was due by April 27, 2012. *Id.* Defendant was personally served with the removal order. *Id.* Defendant was removed from the United States on April 4, 2012 (ECF #1, p. 1). Defendant appealed his removal order on June 22, 2018 (post *Dimaya*, *see infra)* (ECF #34-4). Defendant's appeal was dismissed as untimely (ECF #36-1).

In a written motion, the Defense now moves to dismiss in this matter on the basis that the removal order "is invalid because it rests on a finding that [Defendant's] vehicular eluding

2

conviction, in violation of Colorado Revised Statute[] § 18-9-116.5, is an aggravated felony under the Immigration and Nationality Act ("INA")." Defendant's motion to dismiss (ECF #34, p. 1). Defendant argues that the conviction was not for an aggravated felony, *see Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) (finding the residual clause of the INA, 18 U.S.C. § 16(b), unconstitutional as void for vagueness). Defendant further argues in his motion to dismiss that: he was not removeable; that the removal order cannot be used against him; that he exhausted his administrative remedies; and that he was deprived of any meaningful judicial review. Defendant's motion (ECF #34, pp. 1-2). The Government responded opposing Defendant's motion. Government's response (ECF #38).

Defendant seeks to collaterally attack his removal order under 8 U.S.C. § 1326(d). 1326(d) precludes an alien challenging the validity of a deportation order in the context of a criminal proceeding unless:

(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). Defendant argues that he has met all three prongs of § 1326(d).

Defendant leads off with the fundamental unfairness prong, arguing that there is a "reasonable likelihood that, but for the errors complained of [during his removal proceeding], he would not have been deported." *U.S. v. Sandoval*, 390 F.3d 1294, 1299 (10th Cir. 2004) (internal citation and quotation marks removed). Defendant argues the fundamental unfairness to be a

determination that the crime for which he was convicted, vehicular eluding, met the definition for being a crime of violence under the now unconstitutional residual clause of the INA, 18 U.S.C. § 16(b). Defendant further argues, following the chain of cases from *Johnson* to *Welch*, that the change to § 16(b) should be applied retroactively. *See Johnson v. United States*, 135 S.Ct. 2551 (2015) (holding the identical residual clause of the ACCA unconstitutional; *and see Welch v. United States*, 136 S.Ct. 1257 (2016) (finding that *Johnson* announced a substantive change to the criminal law to be applied retroactively). As the Tenth Circuit has held that vehicular eluding is only a qualifying crime of violence under the residual clause, prior to voiding the two residual clauses, *see Sykes v. United States*, 564 U.S. 1 (2011), Defendant argues that "aggravated felony determinations under § 16(b) are [now] constitutionally prohibited." Defendant's motion (ECF #34, p. 8). Thus, Defendant argues that his removal order was fundamentally unfair as it was based on finding that he had been convicted of an aggravated felony in a now constitutionally prohibited manner.

In terms of exhaustion pursuant to 8 U.S.C. § 1326(d)(1), Defendant argues that he met this prong by filing a *pro se* appeal on June 22, 2018. *Id*. at p. 8. Defendant's initial argument on this issue is:

> A Defendant "who knowingly waives the right to appeal an immigration judge's order of deportation fails to exhaust administrative remedies under § 1326(d)(1)" *United States v. Chavez-Alonso*, 431 F.3d 726, 728 (10th Cir. 2005). It necessarily follows that a defendant who does appeal their order of deportation has exhausted their administrative remedies. No other administrative remedies are available to Mr. Flores, so filing of this *pro se* appeal satisfies the exhaustion standard under § 1326(d)."

Defendant's motion (ECF #34, p. 8) (sic). Defendant then filed an addendum (ECF #36) to his motion continuing to assert that exhaustion is established. Defendant engages in some discussion

4

of the Tenth Circuit's invalidation of the departure bar. *See Contreras-Bocanegra v. Holder*, 678 F.3d 811 (10th Cir. 2012) (the *en banc* Court in *Contreras-Bocanegra* invalidated the post-departure bar upon application step-one of the *Chevron* analysis, *see Chevron U.S.A. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), finding that "the statutory text is plain insofar as it guarantees to each alien the *right* to file one motion to reopen." *Contreras-Bocanegra*, 678 F.3d. at 817 (internal citation and quotation marks removed) (emphasis original) (opinion filed January 30, 2012)).

Defendant goes on to argue that, despite the exhaustion discussed *supra*, he had no meaningful opportunity for judicial review as the Tenth Circuit previously and squarely found vehicular eluding to be a crime of violence under the residual clause. S*ee Skykes*, 564 U.S. at 16; *see also* 8 U.S.C. § 1252 (a)(2)(C) ("no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title."). Defendant distinguishes *U.S. v. Rivera-Nevarez* (in which the conviction was affirmed) on the basis that, unlike vehicular eluding, the Fifth Circuit had not squarely determined the crime at issue in *Rivera-Nevarez*, DUI, to be a crime of violence. *U.S. v. Rivera-Nevarez*, 418 F.3d 1104, 1110 (5th Cir. 2005). In the instant situation, Defendant argues that there was "no meaningful judicial review . . ." available. Defendant's motion (ECF #34, p. 10).

The Government opposes on the basis that: (1) the Defendant cannot show the underlying deportation proceeding to be fundamentally unfair (ECF #38, pp. 2-5); and (2) the Defendant was not denied the opportunity for meaningful judicial review (ECF #38, p. 6). While the Government

5

never directly addresses exhaustion-in terms of a perceived failure by Defendant to exhaust-the Government argues that the judicial review prong was not met, in-part, because Defendant filed his appeal six years too late. *See* Government's surreply (ECF #45, p. 2).

Legal Analysis

To collaterally attack the removal order underlying a prosecution for illegal reentry, the defendant must show:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). Because a final deportation order enjoys a presumption of regularity, once the government shows that the alien was deported while such an order was outstanding, the burden shifts to the defendant-alien, and it is he who must prove **each** of § 1326(d)'s elements to overcome the presumed legality of the earlier deportation order. *See United States v. Arevalo–Tavares,* 210 F.3d 1198, 1200 (10th Cir.2000) (per curiam) (**emphasis mine**). The Tenth Circuit has held that § 1326(d) comports with the constitutional standard for due process set forth in *Mendoza-Lopez. See United States v. Wittgenstein,* 163 F.3d 1164, 1170 (10th Cir.1998).

Defendant Flores cannot collaterally attack his underlying deportation order because he failed to exhaust his administrative remedies. The record indicates Defendant was notified of his right to appeal, that he was notified of the date by which his appeal was due, and that he was personally served with the document so notifying him (ECF #34-3). Defendant Flores, who submits the evidence found at ECF #34-3, makes absolutely no argument that he was improperly notified of his right to appeal. The Tenth Circuit has found that an "immigration judge's failure

to inform [an] alien of eligibility for discretionary relief did not deprive the alien of the opportunity for judicial review or effect the voluntariness of the alien's waiver of appeal . . ." *U.S. v. Chavez-Alonso*, 431 F.3d 726, 729 (10th Cir. 2005) (referring to *U.S. v. Aguirre-Telo*, 353, F.3d 1199, 1207-08 (10th Cir. 2004)). As stated above, no such argument is propounded by Defendant Flores.

Instead, Defendant asserts that exhaustion occurred as a result of the post-*Dimaya* filing of his appeal. Defendant's motion (ECF #34, p. 8). Defendant's failure to timely appeal is equivalent to a waiver-thus amounting to failure to exhaust. *See U.S. v. Alegria-Saldana*, 750 F.3d 638, 641 (7th Cir. 2014) ("[d]espite being informed of his right to appeal, he did not file an appeal or ask his lawyer to do so, and thus he failed to exhaust his legal remedies (internal citation removed)); *see also U.S. v. Arevalo-Tavares*, 210 F.3d 1198, 1201 (10th Cir. 2000) ("[T]he record indicates that Defendant waived his right to appeal by failing to file a timely appeal, and that he made this waiver after receiving sufficient notice of his right"); *and see United States v. Medrano*, 2008 WL 11429981 *2 (D. Colo. 2008) ("[a]n alien who knowingly waives the right to appeal an immigration judge's order of deportation fails to exhaust administrative remedies under § 1326(d)(1)") (internal citations removed).

It is axiomatic that failing to timely appeal is tantamount to waiving that appeal, which is exactly what occurred. Filing an appeal six years later does not remedy the failure to timely appeal. The appeal that was rightly dismissed as untimely (ECF #36-1). I conclude that, by failing to file an appeal no later than April 27, 2012, Defendant Flores failed to exhaust per § 1326(d)(1) and cannot therefore collaterally attack his removal order.

As Defendant's first addendum (ECF #36, pp. 1-2) discusses the departure bar, I will briefly address this issue. 8 U.S.C. § 1229a(c)(6) allows for a motion to reconsider within thirty days of a removal order and (c)(7) allows for one motion to reopen within ninety days of a removal

7

order. Such timeframes were previously tempered by what is colloquially known as the departure bar. The departure bar constituted a withdrawal of or bar to filing of a motion to reconsider or reopen if the alien was removed. *See Rosillo-Puga v. Holder*, 580 F.3d 1147, 1160 (10th Cir. 2009) (upholding the departure bar in the Tenth Circuit). However, and as is relevant to the instant case, the Tenth Circuit-consistent with a number of other Circuits-found the departure bar invalid in an opinion issued January 30, 2012. *Contreras-Bocanegra v. Holder*, 678 F.3d 811, 819 (10th Cir. 2012). So, as of the time Defendant Flores was removed on April 4, 2012, there was no departure bar. Despite the fact that Defendant Flores was removed prior to the expiration of either 30 or 90 days, he was free to timely file either a motion to reconsider or reopen and did neither. On this score Defendant also failed to exhaust.

As Defendant Flores so clearly cannot meet the exhaustion requirement at 8 U.S.C. § 1326(d)(1), there is no need to analyze steps (2) or (3).

For the foregoing reasons, this Magistrate Judge respectfully recommends that the Motion to Dismiss be DENIED.

Dated at Grand Junction, Colorado this January 26, 2019.

Gordon P. Gallagher
United States Magistrate Judge