# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO
# SENIOR JUDGE MARCIA S. KRIEGER

Criminal Action No. 18-cr-00150-MSK-GPG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**JOSE ALFREDO FLORES,**

    Defendant.

_____

## OPINION AND ORDER OVERRULING OBJECTIONS AND DENYING MOTION TO DISMISS
_____

**THIS MATTER** comes before the Court pursuant to Mr. Flores' Objections **(# 56)** to the Magistrate Judge's January 26, 2019 Recommendation **(# 49)** that Mr. Flores' Motion to Dismiss the Indictment **(# 34, 36)** be denied. The Government did not file any response to those Objections.

Mr. Flores, who is a citizen of Mexico, obtained Lawful Permanent Resident status in the United States in or about 1995. In 2009, he was convicted of vehicular eluding, a felony, in violation of C.R.S. § 18-9-116.5. Thereafter, immigration authorities began deportation proceedings against him contending that his conviction constituted an aggravated felony under 8 U.S.C. § 1227(a)(2)(iii) and a crime of violence under 8 U.S.C. § 1101(a)(43)(F). On March 28, 2012, an Immigration Judge ordered Mr. Flores deported. That Order gave him until April 27, 2012 to file an appeal from that ruling. Mr. Flores did not appeal by that deadline.

Mr. Flores was apprehended in the United States in February 2018 and charged in a March 27, 2018 Indictment **(# 1)** with unlawful reentry of a previously-deported alien in

violation of 8 U.S.C. § 1326(a), (b)(1). To lay the groundwork for the instant motion, Mr. Flores filed an appeal of his deportation order with the Immigration Court, alleging that his deportation was invalid because of the U.S. Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). The Immigration Court denied that appeal as untimely. Nevertheless, Mr. Flores then filed the instant motions to dismiss **(# 34, 36)** in this case, arguing that because (under *Dimaya*) his vehicular eluding conviction could not be considered an "aggravated felony," his 2012 deportation was therefore invalid, and that because his deportation was invalid, he could not properly be charged here with re-entry following a deportation.

The Court referred Mr. Flores' motion to the Magistrate Judge for a Recommendation and on January 26, 2019, the Magistrate Judge recommended **(# 49)** that Mr. Flores' motion be denied. Mr. Flores filed timely Objections **(# 56)**. Pursuant to 28 U.S.C. § 636(b), the Court reviews the Recommendation *de novo*.

8 U.S.C. § 1227(a)(2)(iii) provides that "any alien who is convicted of an aggravated felony . . . is deportable." As pertinent here, the term "aggravated felony" is defined by 8 U.S.C. § 1101(a)(43)(F), which provides that an aggravated felony is "a crime of violence" as that phrase is defined in 18 U.S.C. § 16. That statute, in turn, defines "crime of violence" in two ways: crimes that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements clause") and any felony that "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). In *Dimaya*, the Supreme Court held that the residual clause, as incorporated into the Immigration Act, was unconstitutionally vague. 138 S.Ct. at 1210. With the residual clause stricken, offenses that constitute "aggravated felonies" sufficient to support deportation are now only those that satisfy

the elements clause – those crimes that have an element involving the use or threatened use of physical force. There is no material dispute that vehicular eluding, under Colorado law, does not have an element requiring the use of physical force, and thus, a conviction for vehicular eluding is not an aggravated felony that would support deportation of a lawful permanent resident.

But observing that if Mr. Flores were convicted *now* for vehicular eluding, he would not be deportable due to an aggravated felony does not resolve the question presented here. As of the time of his arrest, Mr. Flores was subject to a facially-lawful deportation order, thereby supporting the current charges against him. 8 U.S.C. § 1326(d) provides a mechanism for aliens to collaterally attack prior deportation orders in the scope of current criminal proceedings for unlawful reentry, requiring the alien to make a three-part showing: (i) that the alien exhausted any administrative remedies that may have been available to seek relief against that order, (ii) that the deportation proceedings where the deportation order was issued deprived the alien of the opportunity for judicial review, and (iii) that the entry of the order was fundamentally unfair.

Mr. Flores struggles with the first two elements because he did not take a timely appeal from his deportation order in 2012. A defendant who knowingly waives the right to appeal an order of deportation fails to exhaust administrative remedies under § 1326(d). *U.S. v. Melendez*, 642 Fed.App. 859, 862 (10th Cir. 2016). In the absence of an evidentiary showing, the Court cannot presume that the defendant was precluded from seeking judicial review. *Id.* at 863.

Mr. Flores argues that his failure to timely appeal his deportation order should be excused because the Immigration Judge provided him with misinformation about his ability to appeal. A failure to exhaust may be excused if the waiver of appeal was premised on constitutionally relevant misinformation conveyed by the immigration judge. *U.S. v. Cabrera*, 571 Fed.Appx. 713, 718 (10th Cir. 2014). But the misinformation Mr. Flores contends he was given by the

judge was "informing him that the grounds were for an aggravated felony and a crime of violence conviction[,] legal conclusions that were wrong." In other words, Mr. Flores argues that because *Dimaya* deemed the residual clause unconstitutional in 2017, the Immigration Judge provided "misinformation" to him in 2012 by not informing him that the grounds for his impending deportation were constitutionally-deficient.

This showing, taken as true, is insufficient. First, the "misinformation" was not such at the time it was given – essentially Mr. Flores argues that the Immigration Judge should have addressed an issue that was not raised in the proceeding, and indeed was not determined until 5 years after the proceeding was concluded.

Second, it is unclear how the "misinformation" was relevant to an appeal. It is not clear how such legal error discouraged or prevented Mr. Flores from timely initiating an appeal.

Finally, Mr. Flores' argument is foreclosed by *U.S. v. Varela-Cias*, 425 Fed.Appx. 756, 760 (10th Cir. 2011). There, the alien was deported in 2001 following a conviction for the "aggravated felony" of driving under the influence. In 2004, the Supreme Court held that such offenses did not constitute crimes of violence (and thus, not aggravated felonies). The alien re-entered the United States in 2010, was apprehended, and charged with unlawful re-entry. The alien sought to collaterally attack the 2001 deportation order pursuant to § 1326(d), based on the subsequent clarification that his prior conviction was not an aggravated felony. *Id.* at 757 & n. 1. The alien argued that he was denied the opportunity for judicial review because the Immigration Judge had expressly advised him that he was ineligible for relief from deportation when, in fact, "at the time he was removed, he was in fact not an aggravated felon and was eligible for cancellation of removal in addition to being non-removable." *Id.* at 760. The 10th Circuit held that the judge "did not mislead" the alien, and that "while the [judge] erred in concluding that

Varela–Cias had committed an aggravated felony, the [judge] did not deprive Varela–Cias of the right to judicial review because he specifically informed him of his right to appeal to the BIA." *Id.*

Mr. Flores is, for all practical purposes, identically-situated to the alien in *Varela-Cias*. Both were lawful permanent residents, deported after being found guilty of an "aggravated felony," only to have subsequent Supreme Court decisions nullify that finding. Both sought to collaterally attack their deportation orders under § 1326(d), despite not having sought timely judicial review.[1] Both argued that their failure to seek judicial review was a result of the Immigration Judge "misinforming" them about the validity of the deportation orders against them. And in both cases, the Immigration Judge informed them that they had the right to take an appeal from the deportation order. Thus, the mere fact that the Immigration Judge erred in finding the predicate conviction to be an "aggravated felony" – as the 10th Circuit acknowledged had occurred in *Varela-Cias* as well – does not relieve Mr. Flores of the failure to have taken the appropriate administrative and judicial appeals under § 1326(d). Mr. Flores' failure to take any appeals thus prevents him from satisfying either of the first two elements of § 1326(d), requiring denial of his motion to dismiss.

Mr. Flores offers several creative arguments to avoid this outcome. He argues that his patently-untimely appeal of his deportation order in 2018 suffices to "exhaust" his administrative appeals, thus satisfying the first element of § 1326(d). Although the 10th Circuit has yet to address this type of argument, the Fifth Circuit has done so. This Court finds its rejection of that

---

[1] In *Varela-Cias,* the alien had taken a direct appeal from his deportation order to the Board of Immigration Appeals. Thus, the parties agreed that he satisfied the first element of §1327(d), exhausting his administrative appeals. That fact does not meaningfully distinguish *Varela-Cias* from Mr. Flores' case or otherwise affect the analysis here.

argument persuasive. *U.S. v. Cordova-Soto*, 804 F.3d 714, 724 (5th Cir. 2015). To hold that even a patently-untimely appeal suffices to exhaust administrative remedies would render the statutory requirement of exhaustion a mere formality and effectively meaningless.

Mr. Flores also argues that resort to judicial review in 2012 would have been futile, as the 10th Circuit had unambiguously held that vehicular eluding under Colorado law constituted a "crime of violence." *U.S. v. Atkins*, 379 Fed.Appx. 762 (10th Cir. 2010). Mr. Flores goes to some length to then argue that attorneys are forbidden from pursuing appeals that would contravene settled law. Without necessarily conceding the latter argument – an attorney always has the right to make a good-faith argument for the reversal or modification of existing law, *see generally* Fed. R. Civ. P. 11(b)(2) – Mr. Flores' initial proposition is unsound. *Atkins* considered whether vehicular eluding was a "crime of violence" as that phrase was used in Section 4B1.2 of the Sentencing Guidelines, not as it was used in 18 U.S.C. § 16 or incorporated into 8 U.S.C. § 1101. Although Mr. Flores would certainly have faced an uphill climb in attempting to convince the 10th Circuit that it should not follow *Atkins* in the immigration context, this Court cannot say that such an argument would have been so inconsistent with settled law as to be deemed frivolous. Moreover, nothing prevented Mr. Flores from anticipating *Dimaya* and making the same arguments to the 10th Circuit that eventually proved persuasive to the Supreme Court. Accordingly, Mr. Flores has not carried his burden under § 1326(d), requiring denial of his motion to dismiss.

This Court concedes that the outcome here is seemingly arbitrary. Had Mr. Flores been apprehended in the 9th Circuit instead of the 10th, his motion would have been granted because the 9th Circuit does not require an alien to prove exhaustion of administrative and judicial remedies if he "was not convicted of an offense that made him removable under the INA to

begin with." *U.S. v. Camaco-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006) (exhaustion excused when intervening change in law caused alien's predicate conviction to no longer qualify as an "aggravated felony"). But this Court is not free to ignore the 10th Circuit's own rulings, and *Varela-Cias* is clearly on-point.

Accordingly, the Court **OVERRULES** Mr. Flores' Objections **(# 56)**, **ADOPTS** the Recommendation **(# 49)**, and **DENIES** Mr. Flores' Motion to Dismiss **(# 34, 36)**.

Dated this 8th day of April, 2019.

                                      **BY THE COURT:**

                                      Marcia S. Krieger
                                      Senior United States District Judge